The Honorable Richard A. Jones

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| CHANTAL ALVARADO and ALETHIA KISTER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PENNEY OPCO LLC, a foreign limited liability company; and DOES 1-20,<br><br>Defendants. | Case No. 2:26-cv-00526-RAJ<br><br>**DEFENDANT PENNEY OPCO LLC'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT FOR DAMAGES** |

**ANSWER TO COMPLAINT**

Defendant Penney OpCo LLC ("Defendant" or "JCPenney") answers the "Class Action Complaint for Damages" ("Complaint") filed by Plaintiffs Chantal Alvarado and Alethia Kister in the below paragraphs, which correspond with the numbered paragraphs in Plaintiffs' Complaint.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

## NATURE OF THE ACTION

**COMPLAINT ¶1:**

This is a proposed wage-and-hour class action brought under the Washington Industrial Welfare Act ("IWA") and the Washington Minimum Wage Act ("WMWA") seeking injunctive relief and damages for Defendants' failure to provide and pay for legally required meal and rest breaks; failure to compensate employees for all hours worked due to off-the-clock work; and failure to pay proper overtime wages.

**ANSWER:**

To the extent Paragraph 1 includes any factual allegations about Defendant that require a response, Defendant denies the allegations of Paragraph 1; denies any violations of Washington law; denies that this matter may be maintained as a class action; and denies that Plaintiffs and the putative class members are entitled to any relief whatsoever.

## JURISDICTION & VENUE

**COMPLAINT ¶2:**

This Court has jurisdiction under RCW 2.08.010 because Plaintiffs seek damages in excess of three hundred dollars.

**ANSWER:**

Defendant denies the allegations in Paragraph 2 of the Complaint.

**COMPLAINT ¶3:**

Venue is proper in King County, pursuant to RCW 4.12.025(1)(a)-(c), (3)(b), because Defendants reside in King County, Washington, Defendants transact business in King County, and Defendants employed at least some of the Class Members to work in the State of Washington and King County.

**ANSWER:**

Defendant denies the allegations in Paragraph 3 of the Complaint. Defendant further asserts

Plaintiffs' and the putative class members' claims are barred by binding arbitration



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

agreements and class action and representative action waivers, which were voluntarily and knowingly entered into, with consideration, and without duress.

**THE PARTIES**

**COMPLAINT ¶4:**

Plaintiffs are, and at all relevant times, were individuals domiciled in the State of Washington and citizens of the State of Washington.

**ANSWER:**

Answering Paragraph 4, Defendant lacks knowledge regarding whether Plaintiffs were individuals domiciled in the State of Washington and citizens of the State of Washington and, therefore, Defendant denies the allegations in Paragraph 4 of the Complaint.

**COMPLAINT ¶5:**

Plaintiff CHANTAL ALVARADO ("Plaintiff Alvarado") worked for Defendants as a non-exempt, hourly-paid, salon receptionist and/or a similar job title/position from approximately January 2025 to on or around July 9, 2025.

**ANSWER:**

Defendant admits only that Defendant employed Plaintiff Chantal Alvarado as an hourly employee at its Kennewick location in the position of Salon Front Desk (CES) from on or about January 29, 2025, to on or about August 8, 2025. Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

**COMPLAINT ¶6:**

Plaintiff ALETHIA KISTER ("Plaintiff Kister") worked for Defendants as a nonexempt, hourly-paid, Customer Experience Supervisor and/or a similar job title/position from approximately 2015 to on or around September 29, 2025.

**ANSWER:**

Defendant admits only that Defendant employed Plaintiff Alethia Kister as an hourly employee at its Kennewick store from approximately March 2016 to on or around September 2025.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

More specifically, Defendant admits only that Defendant hired Plaintiff Kister on or about March 22, 2016, for the position of TEMP Service Associate, and on or about September 30, 2025, Plaintiff Kister's employment in the Cashier position was terminated due to "job abandonment." Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

**COMPLAINT ¶7:**

Defendant PENNEY OPCO LLC ("Defendants" or "JC Penney") is a Delaware company doing business in the State of Washington. Defendants are a part of a leading American retail and brand management company with over a thousand retail locations nationwide. Defendants operate J.C. Penney department stores providing apparel, home goods, jewelry, beauty, and salon services to customers at retail centers across the United States. In Washington State, Defendants operate at least approximately fifteen locations, including a retail location in Tukwila in King County, as well as retail locations in Bellingham, Kelso, Lynnwood, Marysville, Olympia, Puyallup, Sequim, Silverdale, Spokane, Tacoma, Union Gap, Vancouver, and Wenatchee, and the location in Kennewick where Defendants assigned Plaintiffs to work during the relevant period.

**ANSWER:**

Defendant admits only that Defendant is a limited liability company formed under the laws of the state of Virginia; Defendant operates approximately 15 department stores in Washington state, selling apparel, home furnishings, fine jewelry, and in some cases, providing in-store services such as custom window treatments or hair services in salons. Defendant admits that as of February 5, 2026, it operated Washington store locations in Union Gap, Tacoma, Puyallup, Tukwila, Olympia, Kennewick, Vancouver, Wenatchee, Lynnwood, Kelso, Bellingham, Silverdale, Spokane, and Marysville. Defendant further admits only: (1) Plaintiff Alvarado worked at Defendant's Kennewick store from approximately January 29, 2025, to August 8, 2025; and (2) Plaintiff Kister worked at Defendant's Kennewick store from approximately March 22, 2016, to September 2025. Defendant denies the remaining allegations in Paragraph 7 of the Complaint.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**COMPLAINT ¶8:**

Additional individuals, known to Defendant JC Penney but not yet identified by Plaintiffs (and identified herein as Does 1-20) manage employees on behalf of JC Penney and are statutory employers under Washington law because of their managerial role with the company.

**ANSWER:**

Answering Paragraph 8, Defendant lacks knowledge regarding unnamed "Doe" defendants, and, therefore, denies all allegations in Paragraph 8 of the Complaint on that basis.

**CLASS ALLEGATIONS**

**COMPLAINT ¶9:**

Plaintiffs bring this action on behalf of Plaintiffs, and all others similarly situated as a proposed class action pursuant to CR 23. The Class that Plaintiffs seek to represent is defined as follows:

> Class Members: All current and former hourly-paid employees who worked for any one or more of the Defendants at any location in Washington State at any time from three years prior to the filing of the Complaint through the date of the Court's order certifying the Class ("Class Period").

**ANSWER:**

Paragraph 9 is a definition of the putative class, which requires no response. To the extent Paragraph 9 includes any factual allegations that require a response, Defendant denies all the allegations of Paragraph 9 of the Complaint; denies any violations of Washington law; denies that this matter may be maintained as a class action; and denies that Plaintiffs and the putative class members are entitled to any relief whatsoever.

**COMPLAINT ¶10:**

Plaintiffs reserve the right to amend or modify the class description with greater specificity, by division into further subclasses, or by limitation to particular issues.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:**

Paragraph 10 purports to reserve Plaintiffs' right to amend or modify the definition of the putative class, which requires no response. To the extent Paragraph 10 includes any factual allegations that require a response, Defendant denies all the allegations of Paragraph 10 of the Complaint; denies any violations of Washington law; denies that this matter may be maintained as a class action; and denies that Plaintiffs and the putative class members are entitled to any relief whatsoever.

**COMPLAINT ¶11:**

There are at least one hundred current and former hourly-paid employees of Defendants in the Class. Given Defendants' systematic failure to comply with Washington wage and hour laws and regulations regarding the payment of missed and/or interrupted rest periods and late, missed, and/or interrupted first meal periods, and the underpayment of wages, the members of the Class are so numerous that joinder of all members is impractical.

**ANSWER:**

The first sentence of Paragraph 11 is vague and ambiguous to the extent it uses the phrase "at least one hundred," and, therefore, Defendant denies the first sentence of Paragraph 11 of the Complaint on that basis. Defendant otherwise denies the allegations of Paragraph 11 of the Complaint.

**COMPLAINT ¶12:**

Plaintiffs' claims are typical of the claims of the Class Members because (1) Plaintiffs are each a member of the putative class; (2) Plaintiffs' claims stem from the same practice or course of conduct that form the basis of the Class claims; (3) All of the Class claims are based on the same facts and legal theories; (4) The injuries that Plaintiffs suffered are similar to the injuries that other Class Members suffered and continue to suffer, and they are relatively small compared to the expenses and burden of individual prosecutions of this litigation.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:**

Defendant denies the allegations of Paragraph 12 of the Complaint.

**COMPLAINT ¶13:**

Plaintiffs will fairly and adequately represent the interests of the Class. Plaintiffs have no conflict of interest with any Class Member. Plaintiffs have retained competent and experienced counsel in complex class action litigation. Plaintiffs' counsel has the expertise and financial resources to adequately represent the interests of the Class.

**ANSWER:**

Defendant denies the allegations of Paragraph 13 of the Complaint.

**COMPLAINT ¶14:**

Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiffs and Class Members are the following:

a. Whether Defendants violated WAC 296-126-092 by failing to provide statutory meal periods and rest periods, and failing to compensate Plaintiffs and Class Members for missed and/or otherwise noncompliant rest periods and late, missed, interrupted and/or otherwise noncompliant meal periods, as well as the lost opportunity to have the respite of a meal and/or rest period;

b. Whether Defendants have an official or unofficial policy, custom, pattern, and practice of understaffing its locations and permitting or requiring Plaintiffs and Class Members to work through meal and/or rest periods, have interrupted meal and/or rest periods, or have untimely meal and/or rest periods;

c. Whether Defendants maintained an adequate system for scheduling Plaintiffs' and Class Members' rest periods;

d. Whether Defendants maintained an adequate system for ensuring that Plaintiffs and Class Members could take timely meal and/or rest periods;



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

e. Whether Defendants maintained an adequate system to record missed, late, interrupted and/or otherwise noncompliant meal and/or rest periods;

f. Whether Defendants have insufficient record-keeping on a systemic level;

g. Whether Defendants' violations of wage and hour laws were willful and are, therefore, liable for double damages under RCW 49.52.050 and 49.52.070;

h. Whether Defendants violated RCW 49.46.130 by failing to pay Plaintiffs and Class Members for overtime wages due at the rate of 1.5 times their regular rate of pay for all hours worked over 40 hours per week, inclusive of hours worked when working through their meal and/or rest breaks and/or for the meal and/or rest periods that were not provided or interrupted;

i. Plaintiffs anticipates that Defendants' defenses will also raise common questions of law and fact; and

j. The nature and extent of class-wide damages and the measure of damages for the Class.

**ANSWER:**

Defendant denies the allegations of Paragraph 14 of the Complaint, including but not limited to each of the subparts a. through j.

**COMPLAINT ¶15:**

Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort, or expense that numerous individuals would otherwise entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class Members are readily identifiable from Defendants' employee rosters and/or payroll records.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:**

Defendant denies the allegations of Paragraph 15 of the Complaint.

**COMPLAINT ¶16:**

Defendants' actions are generally applicable to each of the Class Members. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which in turn, would establish incompatible standards of conduct for Defendants.

**ANSWER:**

Defendant denies the allegations of Paragraph 16 of the Complaint.

**COMPLAINT ¶17:**

Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendants.

**ANSWER:**

Defendant denies the allegations of Paragraph 17 of the Complaint.

## FACTUAL BACKGROUND

**COMPLAINT ¶18:**

During the Class Period, Plaintiffs and each of the Class Members worked for Defendants in the State of Washington.

**ANSWER:**

Answering Paragraph 18, Defendant admits only that Plaintiff Alvarado worked at Defendant's Kennewick store in Washington state from approximately January 29, 2025, to August 8, 2025; and that Plaintiff Kister worked at Defendant's Kennewick store in Washington state from approximately March 22, 2016, to September 30, 2025. Defendant denies the remaining allegations in Paragraph 18 of the Complaint.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**COMPLAINT ¶19:**

Defendants assigned Plaintiffs to work at one of Defendants' retail locations in Kennewick, Washington.

**ANSWER:**

Answering Paragraph 19, Defendant admits only that Plaintiff Alvarado worked at Defendant's Kennewick store in Washington state from approximately January 29, 2025, to August 8, 2025; and that Plaintiff Kister worked at Defendant's Kennewick store in Washington state from approximately March 22, 2016, to September 30, 2025. Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

**COMPLAINT ¶20:**

Throughout Plaintiff Alvarado's employment, Plaintiff Alvarado typically worked shifts lasting eight (8) to nine (9) hours long, at least approximately five (5) days per week. Plaintiff Alvarado was compensated with a base hourly wage and commission. At times, Defendants compensated Plaintiff Alvarado with a base hourly rate of approximately $17 per hour.

**ANSWER:**

Answering Paragraph 20, Defendant admits only that Plaintiff Alvarado worked at Defendant's Kennewick store in Washington state, as an hourly employee, from approximately January 29, 2025, to August 8, 2025; and that Plaintiff Alvarado's hourly pay during this period was approximately $16.75 per hour. Defendant denies the remaining allegations in Paragraph 20 of the Complaint.

**COMPLAINT ¶21:**

Throughout Plaintiff Kister's employment, Plaintiff Kister typically worked shifts lasting at least approximately eight (8) hours long. Plaintiff Kister was compensated with a base hourly rate of approximately $24.60 per hour.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:**

Answering Paragraph 21, Defendant admits only that Plaintiff Kister worked at Defendant's Kennewick store in Washington state as an hourly employee, from approximately March 22, 2016, to September 30, 2025; and that Plaintiff's hourly pay during this period ranged from approximately $10.25 to $24.60 per hour. Defendant denies the remaining allegations in Paragraph 21 of the Complaint.

**COMPLAINT ¶22:**

At times, Plaintiffs worked more than forty (40) hours in a workweek.

**ANSWER:**

Defendant denies the allegations in Paragraph 22 of the Complaint, including any allegation that Plaintiffs worked any unpaid overtime.

**Meal and Rest Period Violations**

**COMPLAINT ¶23:**

Washington law demands that employees be allowed a meal period of at least thirty minutes that starts no less than two hours nor more than five hours from the beginning of the shift and prohibits any employee from being required to work more than five consecutive hours without or between meal periods. Washington law also requires a 10-minute rest break every four hours. WAC 296-126-092(1)—(4).

**ANSWER:**

The allegations in Paragraph 23 are statements of law, which require no response. To the extent an answer is required, Defendant denies that Plaintiffs' statement of law in Paragraph 23 of the Complaint is complete and further states that the relevant statutes and regulations speak for themselves.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**COMPLAINT ¶24:**

Defendants routinely failed to provide compliant meal and rest periods for employees in Washington State. Hourly employees, including Plaintiffs, often worked through required breaks, were forced to take them late, or were not given them at all.

**ANSWER:**

Defendant denies the allegations in Paragraph 24 of the Complaint.

**COMPLAINT ¶25:**

Plaintiffs were often forced to take a meal period after working more than five hours. For example, Plaintiff Alvarado was frequently unable to take a meal period within the first five (5) hours of work.

**ANSWER:**

Defendant denies the allegations in Paragraph 25 of the Complaint.

**COMPLAINT ¶26:**

Similarly, Plaintiff Kister was frequently required to take her meal period after working more than five (5) hours throughout Plaintiff Kister's employment, in violation of Washington meal period law.

**ANSWER:**

Defendant denies the allegations in Paragraph 26 of the Complaint.

**COMPLAINT ¶27:**

Class Members were also sometimes required to take interrupted and/or shortened meal periods because they were required to return to work and complete work tasks during their meal periods.

**ANSWER:**

Defendant denies the allegations in Paragraph 27 of the Complaint.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**COMPLAINT ¶28:**

For example, on occasions throughout Plaintiff Kister's employment, Plaintiff Kister was often required to work during unpaid meal periods due to the need to complete assigned job duties. Other Class Members were also required to complete work tasks while clocked out for meal periods, resulting in consistently denied meal periods.

**ANSWER:**

Defendant denies the allegations in Paragraph 28 of the Complaint.

**COMPLAINT ¶29:**

When Class Members worked three or more hours beyond their normal workday, they did not receive a second meal period.

**ANSWER:**

Defendant denies the allegations in Paragraph 29 of the Complaint.

**COMPLAINT ¶30:**

Defendants did not compensate Plaintiff and Class Members with an additional thirty (30) minutes of work time for instances in which they were not provided required, timely 30-minute uninterrupted meal periods.

**ANSWER:**

Defendant denies the allegations in Paragraph 30 of the Complaint.

**COMPLAINT ¶31:**

Based on information and belief, at times, Defendants engaged in systemic unauthorized time editing, manipulation of meal period records, and/or deducted at least approximately thirty (30) minutes per shift for meal periods that were interrupted/cut short and/or worked through completely.

**ANSWER:**

Defendant denies the allegations in Paragraph 31 of the Complaint.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**COMPLAINT ¶32:**

Plaintiffs and other Class Members were also at times denied required rest periods because they were required to work through part or all of their rest periods, take late rest periods or take rest periods that were shorter than ten minutes long.

**ANSWER:**

Defendant denies the allegations in Paragraph 32 of the Complaint.

**COMPLAINT ¶33:**

For example, Plaintiff Alvarado many times did not receive any rest breaks during the course of her shifts. Defendants did not provide second rest breaks before the eighth hour of work or third rest breaks prior to the twelfth hour of work.

**ANSWER:**

Defendant denies the allegations in Paragraph 33 of the Complaint.

**COMPLAINT ¶34:**

Also, at times, Defendants required Plaintiff Kister to combine her rest breaks with her meal break into a single break, resulting in Plaintiff Kister not receiving separate, timely compliant 10-minute rest breaks as required by law.

**ANSWER:**

Defendant denies the allegations in Paragraph 34 of the Complaint.

**COMPLAINT ¶35:**

Defendants failed to compensate Plaintiffs for each missed or otherwise legally noncompliant rest period.

**ANSWER:**

Defendant denies the allegations in Paragraph 35 of the Complaint.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**<u>COMPLAINT ¶36:</u>**

Defendants had no policy or practice to accurately schedule meal or rest periods, to allow Plaintiffs and Class Members to record their missed or otherwise noncompliant meal and rest periods, or to compensate for missed rest and meal breaks.

**<u>ANSWER:</u>**

Defendant denies the allegations in Paragraph 36 of the Complaint.

**<u>COMPLAINT ¶37:</u>**

Defendants' violations were willful and not a result of inadvertence or carelessness.

**<u>ANSWER:</u>**

Defendant states that the allegations in Paragraph 37 call for a legal conclusion as to whether Defendant willfully subjected Plaintiffs and the putative class members to missed, noncompliant meal periods, and noncompliant compensation. To the extent the allegations about purported missed, noncompliant meal periods, and noncompliant compensation are factual allegations, Defendant denies all the allegations of Paragraph 37 of the Complaint; denies any violations of Washington law; denies that this matter may be maintained as a class action; and denies that Plaintiffs and the putative class members are entitled to any relief whatsoever.

**<u>COMPLAINT ¶38:</u>**

There was no bona fide dispute regarding the payment of wages.

**<u>ANSWER:</u>**

Defendant denies the allegations in Paragraph 38 of the Complaint.

**<u>Failure to Pay Minimum and Overtime Wages</u>**

**<u>COMPLAINT ¶39:</u>**

<u>Failure to Compensate Off-the-Clock Work</u>: Defendants frequently required Class Members to complete work tasks before clocking in for the start of shifts, after clocking out for the end of shifts, during unpaid meal periods and/or otherwise outside of scheduled shift times resulting in Defendants failure to compensate Class Members for all hours worked and the



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

underpayment of wages owed. For example, as described herein, Defendants frequently required Class Members to complete work tasks during meal periods which were not recorded nor compensated, resulting in Defendants' failure to compensate them for all hours worked.

**ANSWER:**

Defendant denies the allegations in Paragraph 39 of the Complaint.

**COMPLAINT ¶40:**

As described above, Defendants maintained a policy of engaging in unauthorized time editing and/or deducting thirty (30) minutes per shift for meal periods even when Class Members were required to work through their meal periods and/or take interrupted/shortened meal periods, resulting in Defendants' failure to compensate Class Members for all hours worked and the underpayment of wages owed.

**ANSWER:**

Defendant denies the allegations in Paragraph 40 of the Complaint.

**COMPLAINT ¶41:**

Also, at times throughout Plaintiff Kister's employment, Plaintiff Kister had to regularly work off the clock in order to complete assigned job duties. The time Plaintiff Kister spent completing this off-the-clock work was not compensated, resulting in Defendants' failure to compensate Plaintiff Kister for all hours worked and the underpayment of wages owed.

**ANSWER:**

Defendant denies the allegations in Paragraph 41 of the Complaint.

**COMPLAINT ¶42:**

Based on information and belief, Defendants also required other Class Members to complete off-the-clock work tasks without compensating them for this work time.

**ANSWER:**

Defendant denies the allegations in Paragraph 42 of the Complaint.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**COMPLAINT ¶43:**

As described herein, Defendants also engaged in unauthorized time editing/performed deductions for shortened/missed meal periods resulting in Defendants' failure to compensate Class Members for all hours worked and the underpayment of wages owed.

**ANSWER:**

Defendant denies the allegations in Paragraph 43 of the Complaint.

**COMPLAINT ¶44:**

Failure to Pay Overtime: Additionally, due to including but not limited to, off-the-clock work, Plaintiffs and other Class Members at times worked more than forty hours per week for which they were not paid overtime compensation.

**ANSWER:**

Defendant denies the allegations in Paragraph 44 of the Complaint.

**COMPLAINT ¶45:**

Based on information and belief, at times, Defendants failed to pay overtime premiums for hours worked beyond forty (40) in a workweek, including but not limited to, hours recorded by Defendants as hours worked and hours worked off-the-clock or during meal periods.

**ANSWER:**

Defendant denies the allegations in Paragraph 45 of the Complaint.

**COMPLAINT ¶46:**

At times, Defendants failed to maintain adequate records of the hours worked and the missed, late and/or interrupted meal periods and rest periods for Plaintiffs and other Class Members as required by RCW 49.46.070.

**ANSWER:**

Defendant states that the allegations in Paragraph 46 call for a legal conclusion as to whether Defendant failed to maintain adequate records of the hours worked and the missed, late and/or interrupted meal periods and rest periods for Plaintiffs and other Class Members. To the



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

extent the allegations about purported failed to maintain adequate records of the hours worked and the missed, late and/or interrupted meal periods and rest periods for Plaintiffs and other Class Members are factual allegations, Defendant denies all the allegations of Paragraph 46 of the Complaint; denies any violations of Washington law; denies that this matter may be maintained as a class action; and denies that Plaintiffs and the putative class members are entitled to any relief whatsoever.

**FIRST CAUSE OF ACTION**
**Failure to Compensate for Noncompliant Meal and Rest Periods**
**RCW 49.12; WAC 296-126-092**
**On Behalf of Plaintiffs and Class Members**

**COMPLAINT ¶47:**

Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

**ANSWER:**

Defendant incorporates by reference its answers to Paragraphs 1 through 46 above.

**COMPLAINT ¶48:**

Under *Wingert v. Yellow Freight Sys., Inc.*, 146 Wn.2d 841, 847-51 (2002), RCW 49.12 creates an implied cause of action for unpaid wages, including wages owed under duly promulgated regulations.

**ANSWER:**

The allegations in Paragraph 48 are statements of law which require no response. To the extent an answer is required, Defendant denies that Plaintiffs' statement of law in Paragraph 48 of the Complaint is complete and further states that the cited case and relevant statutes and regulations speak for themselves.

**COMPLAINT ¶49:**

WAC 296-126-092(1) requires that employees receive a 30-minute meal period commencing no sooner than the second hour and no later than the fifth hour of the shift, and that



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

no employee may work more than five consecutive hours without a meal period. Meal periods must be on the employer's time if the employee is required to remain on duty or on the premises.

**ANSWER:**

The allegations in Paragraph 49 are statements of law which require no response. To the extent an answer is required, Defendant denies that Plaintiffs' statement of law in Paragraph 49 of the Complaint is complete and further states that the relevant statutes and regulations speak for themselves.

**COMPLAINT ¶50:**

WAC 296-126-092(4) requires that employees receive a 10-minute paid rest break for each four hours of work, scheduled as near as possible to the midpoint of the work period, and prohibits requiring employees to work more than three consecutive hours without a rest break.

**ANSWER:**

The allegations in Paragraph 50 are statements of law which require no response. To the extent an answer is required, Defendant denies that Plaintiffs' statement of law in Paragraph 50 of the Complaint is complete and further states that the relevant statutes and regulations speak for themselves.

**COMPLAINT ¶51:**

"On the employer's time" means rest breaks are compensable. *Wingert*, 146 Wn.2d at 847-51. Washington courts have further held that employers must pay for missed meal periods, *Pellino v. Brink's Inc.*, 164 Wn. App. 668, 690-93 (2011), and for missed rest breaks, *Chavez v. Our Lady of Lourdes Hosp. at Pasco*, 415 P.3d 224, 230-31 (Wash. 2018).

**ANSWER:**

The allegations in Paragraph 51 are statements of law which require no response. To the extent an answer is required, Defendant denies that Plaintiffs' statement of law in Paragraph 51 of the Complaint is complete and further states that the cited cases speak for themselves.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**COMPLAINT ¶52:**

Most recently, the Washington Supreme Court confirmed that the Industrial Welfare Act grants employees not only the right to a 30-minute meal break but also a distinct remedy for its deprivation: "30 minutes of wages is an appropriate measure of damages for such a deprivation." *Androkitis v. Virginia Mason*, 556 P.3d 714, 722 (2024). Similarly, employees are entitled to unpaid straight or overtime pay—as appropriate depending on the total number of hours—when they do not receive paid rest breaks. *Washington State Nurses Ass'n v. Sacred Heart Med. Ctr.*, 287 P.3d 516, 520 (2012).

**ANSWER:**

The allegations in Paragraph 52 are statements of law which require no response. To the extent an answer is required, Defendant denies that Plaintiffs' statement of law in Paragraph 52 of the Complaint is complete and further states that the cited cases and relevant statutes and regulations speak for themselves.

**COMPLAINT ¶53:**

Defendants failed to provide Plaintiffs and Class Members with rest periods at required times and 30-minute uninterrupted meal breaks no later than the fifth hour of their shifts.

**ANSWER:**

Defendant denies the allegations in Paragraph 53 of the Complaint.

**COMPLAINT ¶54:**

Defendants failed to compensate Plaintiffs for these missed or otherwise legally noncompliant meal and rest periods.

**ANSWER:**

Defendant denies the allegations in Paragraph 54 of the Complaint.

**COMPLAINT ¶55:**

Defendants maintained no policy or practice to ensure actual 30-minute breaks were taken for meals. On the contrary, as described above, Defendants engineered a timekeeping system that



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

automatically assumed a 30-minute meal break was taken whether that was true or not—an approach designed to obscure the real breaks taken and time worked during meal periods.

**ANSWER:**

Defendant denies the allegations in Paragraph 55 of the Complaint.

**COMPLAINT ¶56:**

As a direct and proximate result of Defendants' violations and its willful intent to deprive Plaintiffs and Class Members of all owed wages for all missed or otherwise noncompliant meal period and rest periods, Defendants deprived Plaintiffs and the Class Members of compensation in the amounts to be determined at trial, exemplary damages, interest, attorneys' fees, and costs.

**ANSWER:**

Defendant states that the allegations in Paragraph 56 call for a legal conclusion as to whether Defendant willfully subjected Plaintiffs and the putative class members to missed, noncompliant meal periods, and noncompliant compensation. To the extent the allegations about purported missed, noncompliant meal periods, and noncompliant compensation are factual allegations, Defendant denies all the allegations of Paragraph 56 of the Complaint; denies any violations of Washington law; denies that this matter may be maintained as a class action; and denies that Plaintiffs and the putative class members are entitled to any relief whatsoever.

## SECOND CAUSE OF ACTION
**Failure to Pay Minimum Wages**
**RCW 49.46 et seq.**
**On Behalf of Plaintiffs and Class Members**

**COMPLAINT ¶57:**

Plaintiffs re-allege and incorporate by reference all allegations set forth in the preceding paragraphs.

**ANSWER:**

Defendant incorporates by reference its answers to Paragraphs 1 through 56 above.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**COMPLAINT ¶58:**

Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (“WMWA”), RCW 49.46 et seq. If an employer fails to do so, the statute requires payment of the full amount of wages owed at the minimum wage rate, less any amounts already paid.

**ANSWER:**

The allegations in Paragraph 58 are statements of law which require no response. To the extent an answer is required, Defendant denies that Plaintiffs’ statement of law in Paragraph 58 of the Complaint is complete and further states that the relevant statutes and regulations speak for themselves.

**COMPLAINT ¶59:**

Defendants failed to pay Plaintiffs and Class Members for all hours worked.

**ANSWER:**

Defendant denies the allegations in Paragraph 59 of the Complaint.

**COMPLAINT ¶60:**

Defendants engaged in a common course of failing to provide Plaintiffs and Class Members with ten minutes of additional pay for each missed or otherwise noncompliant rest break and with thirty minutes of additional pay for each missed/otherwise noncompliant meal break.

**ANSWER:**

Defendant denies the allegations in Paragraph 60 of the Complaint.

**COMPLAINT ¶61:**

Additionally, Defendants required Plaintiffs and Class Members to complete off-the-clock work tasks, resulting in Defendants’ failure to compensate Plaintiffs and Class Members for all work time.

**ANSWER:**

Defendant denies the allegations in Paragraph 61 of the Complaint.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**COMPLAINT ¶62:**

Based on information and belief, at times, Defendants also deprived Plaintiffs and other Class Members of earned wages by failing to pay and/or properly accrue all owed sick leave/paid time off wages, resulting in the deprivation of wages owed in violation of the WMWA, including but not limited to, RCW 49.46.210.

**ANSWER:**

Defendant denies the allegations in Paragraph 62 of the Complaint.

**COMPLAINT ¶63:**

As a result of Defendants' unlawful acts, Plaintiffs and the Class Members have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46, are entitled to recover such amounts, including exemplary damages, interest, attorneys' fees, and costs.

**ANSWER:**

Defendant denies the allegations in Paragraph 63 of the Complaint.

## THIRD CAUSE OF ACTION
### Failure to Pay Overtime Wages
### On Behalf of Plaintiffs and Class Members

**COMPLAINT ¶64:**

Plaintiffs re-allege and incorporate by reference all allegations set forth in the preceding paragraphs.

**ANSWER:**

Defendant incorporates by reference its answers to Paragraphs 1 through 63 above.

**COMPLAINT ¶65:**

The WMWA at RCW 49.46.130 states in pertinent part, "that no employer shall employ any of his or her employees for a work week longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he or she is employed."



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:**

The allegations in Paragraph 65 are statements of law which require no response. To the extent an answer is required, Defendant denies that Plaintiffs' statement of law in Paragraph 65 of the Complaint is complete and further states that the relevant statutes and regulations speak for themselves.

**COMPLAINT ¶66:**

The WMWA entitles employees to "compensation for regular hours worked and for any overtime hours worked." Stevens, 162 Wn.2d at 47. "Hours worked" is defined as "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed workplace." *Id.* (citing WAC 296-0126-002(8)).

**ANSWER:**

The allegations in Paragraph 66 are statements of law which require no response. To the extent an answer is required, Defendant denies that Plaintiffs' statement of law in Paragraph 66 of the Complaint is complete and further states that the cited case and relevant statutes and regulations speak for themselves.

**COMPLAINT ¶67:**

As set forth above, during workweeks in which Plaintiffs and Class Members worked more than forty hours, inclusive of both hours worked when working through or during their breaks or for meal and rest periods that were not provided and any additional labor time owed for missed breaks, Defendants violated WMWA by failing to pay Plaintiffs and the Class Members at the overtime rate of 1.5 times their regular rate of pay for all hours worked in excess of 40 in such workweeks. *Wash. State Nurses Ass'n,* 175 Wn.2d at 832.

**ANSWER:**

Defendant states that the allegations in Paragraph 67 call for a legal conclusion as to whether Defendant subjected Plaintiff and the putative class to missed and noncompliant meal periods, and noncompliant compensation. To the extent the allegations about purported missed



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

and noncompliant meal periods, and noncompliant compensation are factual allegations, Defendant denies all the allegations of Paragraph 67 of the Complaint; denies any violations of Washington law; denies that this matter may be maintained as a class action; and denies that Plaintiffs and the putative class members are entitled to any relief whatsoever.

**COMPLAINT ¶68:**

Based on information and belief, at times, Defendants failed to incorporate all non-discretionary pay into the regular rate of pay used to calculate the owed overtime rate, resulting in the miscalculation and underpayment of wages owed.

**ANSWER:**

Defendant denies the allegations in Paragraph 68 about purported noncompliant compensation; Defendant denies all the allegations of Paragraph 68 of the Complaint; denies any violations of Washington law; denies that this matter may be maintained as a class action; and denies that Plaintiffs and the putative class members are entitled to any relief whatsoever.

**COMPLAINT ¶69:**

As a direct and proximate result of Defendants' violations and its willful intent to deprive Plaintiffs and Class Members of overtime wages owed, Defendants deprived Plaintiffs and the Class Members of compensation in the amounts to be determined at trial, exemplary damages, interest, attorney's fees, and costs.

**ANSWER:**

Defendant denies the allegations in Paragraph 69 about purported noncompliant compensation; Defendant denies all the allegations of Paragraph 69 of the Complaint; denies any willful violations of Washington law; denies that this matter may be maintained as a class action; and denies that Plaintiffs and the putative class members are entitled to any relief whatsoever.

**PLAINTIFFS' PRAYER FOR RELIEF**

Wherefore Plaintiffs, on behalf of Plaintiffs and Class Members, prays for judgment against Defendants as follows:



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

A. An Order that this action may proceed and be maintained as a class action, and certifying the Class as defined above for the Class periods defined above;

B. An award of damages to Plaintiffs and Class Members in the amount of their missed and unpaid meal period and rest period wages, and for unpaid overtime wages for hours worked over 40 hours in a week;

C. Exemplary damages in amounts equal to double the wages due to Plaintiffs and Members of the Class pursuant to RCW 49.52.070 for any time during the Class Period;

D. Attorneys' fees and costs, as allowed by law, including RCW 49.46.090(1) and 49.48.030, and 49.52.070;

E. Prejudgment interest; and

F. All other relief this Court deems proper.

**ANSWER:**

Answering Plaintiffs' Prayer for Relief's paragraphs (A)-(F), Defendant denies that Plaintiffs and the putative class members are entitled to recover any of the relief requested or any relief whatsoever.

## DEFENSES AND AFFIRMATIVE DEFENSES

By way of further answer to the Complaint, and without waiving any allegations previously denied, Defendant asserts the following general and affirmative defenses:

1. Plaintiffs fail to state a claim upon which relief may be granted.

2. Plaintiffs' and the putative class members' claims are barred as they seek to nullify contractual agreements which were voluntarily and knowingly entered into, with consideration, and without duress.

3. Plaintiffs' and the putative class members' claims are barred by binding arbitration agreements and class action and representative action waivers, which were voluntarily and knowingly entered into, with consideration, and without duress.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

4. Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the doctrine of laches.

5. Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the doctrines of waiver, release, acquiescence, and/or estoppel.

6. Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the doctrine of unclean hands.

7. Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

8. Certification of this suit as a class action is not appropriate and would deny Defendant due process of law.

9. Plaintiffs and/or the putative class members they purport to represent are not an appropriate class representative.

10. The Complaint's claims on behalf of the purported class are barred by the failure to meet all the mandatory requirements of Fed. R. Civ. P. 23. Specifically, but without limitation: (a) Plaintiffs' claims are not typical of those, if any, of the purported class; (b) Plaintiffs are inadequate representatives of the purported class; (c) individual (rather than common) questions of law and fact predominate; (d) a class action is not superior to other available methods for adjudicating this controversy; and (e) this case is not manageable as a class action.

11. Plaintiffs' and the putative class members' claims are barred, in whole or in part, because the class-wide damages sought would be punitive damages under Washington law.

12. The interests of Plaintiffs and/or certain alleged putative class members are in conflict with the interests of other alleged putative class members who Plaintiffs purport to represent in this action.

13. Plaintiffs and the putative class members are not entitled to some or all of the relief requested under the Complaint because, even if unlawful actions occurred, which Defendant denies, such conduct was not committed, countenanced, ratified, or approved by Defendant's



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

managing agents and/or was undertaken for legitimate business purposes and in good faith compliance with the law.

14. Defendant is entitled to setoff and/or to recoup any monies paid to Plaintiffs or the putative class members; and some or all of Plaintiffs' claims and the claims of putative class members are barred, in whole or in part, by exclusions, exceptions, or credits under applicable federal and state law.

15. Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the doctrine of satisfaction, or the doctrine of satisfaction limits and reduces the alleged damages, to the extent Plaintiffs and/or the putative class members accepted payment in discharge of one or more of Defendant's obligations. Without limiting the generality of this affirmative defense, to the extent Plaintiffs and/or the putative class members have voluntarily settled and released all or portions of their purported claims in any other matter, they are barred from pursuing these claims or portions of claims subject to such settlements.

16. Plaintiffs' and the putative class members' claims are barred because Plaintiffs lack standing to assert, in whole or in part, the claims set forth in the Complaint.

17. Plaintiffs and/or the putative class members have suffered no damages.

18. Plaintiffs and the putative class members are not entitled to recover any damages because Defendant did not deprive Plaintiffs and the putative class members of wages.

19. Plaintiffs' and the putative class members' claims are barred, in whole or in part, because Plaintiffs and/or the putative class members have received all wages to which they have ever been entitled.

20. Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the applicable statute of limitations.

21. Plaintiffs' and the putative class members' claims are barred, in whole or in part, because the Complaint is uncertain and the purported class definition is vague and ambiguous and not ascertainable.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

22. The claims alleged by Plaintiffs on behalf of themselves and the putative class members, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for class treatment.

23. Plaintiffs and the putative class members are not entitled to recover any exemplary or liquidated damages, or such damages (if any) should be limited, because Defendant did not act willfully and with an intent to deprive Plaintiffs and the putative class members of wages.

24. Plaintiffs and the putative class members are not entitled to recover any exemplary or liquidated damages, or such damages (if any) because there is a bona fide dispute regarding the obligation to pay and even if there was a "violation" within the meaning of the statute (which Defendant denies), Plaintiffs and/or the putative class members knowingly submitted to the purported violation.

25. Defendant's acts or omissions complained of in the Complaint, to the extent they occurred, were undertaken by Defendant in good faith and in reasonable reliance on an administrative regulation, order, ruling, approval, or interpretation of the Washington Department of Labor and Industries.

26. Plaintiffs and the putative class members did not mitigate their damages, and any damages (if any) should be reduced to the extent Plaintiffs and/or the putative class members failed to mitigate them.

27. To the extent any of the alleged injuries or damages occurred (which Defendant expressly denies), such injuries and/or alleged damages were proximately caused by and/or contributed by the acts, omissions, and/or failures to act of Plaintiffs and/or the putative class members.

28. Plaintiffs' and the putative class members' claims are barred, in whole or in part, because Defendant did not take any actions that a reasonable employee would find materially adverse.

///



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

## DEFENDANT'S RESERVATION OF RIGHTS

Defendant denies any allegation in Plaintiffs' Complaint not specifically admitted in this Answer.

Defendant has not completed its investigation of the facts in this matter, has not completed its discovery in this matter, and has not completed its preparation for trial. The general and affirmative defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any additional defense contained herein at any time.

Defendant has not knowingly or intentionally waived any applicable affirmative defense and reserves the right to assert and rely on such other applicable affirmative defenses as may later become available or apparent.

Defendant further reserves the right to amend its answer and/or general and affirmative defenses accordingly and/or to delete general and/or affirmative defenses that it determines are not applicable during the course of subsequent discovery. Nothing stated herein constitutes a concession as to whether or not Plaintiffs bear the burden of proof on any issue.

## DEFENDANT'S REQUEST FOR RELIEF

Having fully answered the allegations contained in the Complaint and asserted affirmative defenses, Defendant requests the following relief:

A. Dismissal of the Complaint in its entirety with prejudice;

B. Entry of judgment in Defendant's favor;

C. An award to Defendant for their costs and attorneys' fees incurred in defending this lawsuit to the maximum extent permitted by law; and

D. An award to Defendant of such other and further relief as the Court may deem just and proper.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

Respectfully submitted this February 19, 2026.

SEYFARTH SHAW LLP

By: */s/Kyle Nelson*
Kyle Nelson, WSBA #49981
knelson@seyfarth.com

By: */s/Matthew Kelly*
Matthew Kelly, WSBA #48050
mrkelly@seyfarth.com

By: */s/Trinh Tran*
Trinh Tran, Bar No. 54974
trtran@seyfarth.com

999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
Phone: (206) 946-4910

*Counsel for Defendant Penney OpCo LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2026, I have caused a true and correct copy of the foregoing to be served upon the following, via the method(s) indicated below:

Brandon Brouillette (WSBA No. 64353)
Zachary M. Crosner (WSBA No. 61644)
Crosner Legal, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
bbrouillette@crosnerlegal.com
zach@crosnerlegal.com

*Attorneys for Plaintiffs*

☐ via U.S. Mail, Postage Prepaid
☐ via Messenger Service
☒ via USDC Western WA CM/ECF
☐ via Email

DATED this February 19, 2026, at Seattle, Washington.

*/s/ Nancy Lee*
Nancy Lee, Legal Assistant



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910